```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/2/2021
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------X
UNITED STATES OF AMERICA,            :
                                     :       **12 CR 31(VM)**
         -against-                   :       **DECISION AND ORDER**
                                     :
ARMANI CUMMINGS,                     :
                                     :
                      Defendant.     :
-----------------------------------X
**VICTOR MARRERO, U.S.D.J.:**

By letter dated January 26, 2021, defendant Armani Cummings ("Cummings") moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) ("Section 3582") based on both the danger COVID-19 poses to incarcerated individuals in general, as well as the individualized danger Cummings purportedly faces in light of his medical history. (See Dkt. No. 1783.) For the reasons that follow, the motion is DENIED.

To grant a sentence reduction under Section 3582, the Court must find that "extraordinary and compelling reasons warrant such a reduction." Under Section 3582, courts are authorized "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

On the facts presented here, Cummings has failed to meet the "extraordinary and compelling" standard. Cummings's primary basis for requesting a sentence reduction is that

COVID-19 has spread at FCI Loretto, where he is incarcerated.[1] While the Court is mindful that incarcerated individuals face heightened risk of COVID-19 infection, "the general dangerousness of the ongoing COVID-19 pandemic alone is insufficient to establish extraordinary and compelling reasons justifying release." United States v. Peralta, No. 19 CR 135, 2020 WL 6683095, at *1 (S.D.N.Y. Nov. 12, 2020) (citing United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020)).

Furthermore, because Cummings has already been diagnosed with and recovered from COVID-19, he "has not provided any reasons why his risk is exceptional, when compared to the general prison population at this facility." United States v. Mathis, No. 02 CR 891, 2020 WL 6784136, at *2 (E.D.N.Y. Nov. 18, 2020) (acknowledging a troubling COVID-19 outbreak at another facility but denying compassionate release because the defendant did not establish exceptional risk after having contracted and recovered from COVID-19). As the Centers for Disease Control and Prevention has explained, instances of reinfection in those who, like Cummings, have recovered from

---

[1] The Court notes that while Cummings's motion indicates that he is incarcerated at FCI Loretto, the Bureau of Prisons lists Cummings as incarcerated at the Metropolitan Detention Center. See Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 1, 2021). Regardless, the Court's determination is unaffected by the inconsistency for the reasons stated herein.

COVID-19 "remain rare." *Coronavirus Disease 2019 (COVID-19): Reinfection with COVID-19*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last updated Oct. 27, 2020). While there is no consensus regarding the duration of immunity that follows recovery from COVID-19, "the possibility of reinfection is speculative." United States v. Davis, No. 12 CR 712, 2020 WL 3790562, at *3 (S.D.N.Y. July 7, 2020) (denying compassionate release because "the speculative risk of reinfection" was neither "extraordinary" nor "compelling" within the meaning of Section 3582).

Nor does Cummings argue that he suffers from any particular medical condition that puts him at heightened risk of serious illness were he to contract COVID-19 again. Cummings indicates that he was born with a heart murmur and has suffered heart palpitations and shortness of breath since recovering from COVID-19 in July 2020. But these conditions are not among those that put afflicted individuals at increased risk of severe illness from COVID-19. See *Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Feb. 1, 2021). Moreover, at twenty-nine years old,

Cummings is not in a high-risk age category. See *Coronavirus Disease 2019 (COVID-19): Older Adults*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Dec. 13, 2020).

Finally, the Court is not persuaded that a sentence reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). See Section 3582 (noting that the court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable"). On July 13, 2018, Cummings was sentenced to 336 months' imprisonment for crimes stemming from his participation in a narcotics conspiracy. (See Dkt. No. 1657.) In addition to the drug crimes to which he pleaded guilty, Cummings also admitted to committing two murders. (See Plea Tr., Dkt. No. 1630, at 21:8-12.) Given the seriousness of his offenses, and that he has served a relatively small fraction of his sentence, a sentence reduction would be inappropriate at this time. See 18 U.S.C. § 3553 (a)(1), (a)(2)(A) (the court shall consider the "nature and circumstances of the offense" and the need for the sentence "to reflect the seriousness of the offense").

For these reasons, the Court concludes that Cummings has failed to meet the extraordinary and compelling standard and

4

that a sentence reduction in his case would be inconsistent with 18 U.S.C. § 3553(a). Accordingly, it is hereby

**ORDERED** that defendant Armani Cummings's motion for compassionate release (Dkt. No. 1783) is **DENIED**.

**SO ORDERED.**

Dated: New York, New York
       2 February 2021

_____
Victor Marrero
U.S.D.J.