**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/20/2025
```

UNITED STATES OF AMERICA,

                    – against –

ARMANI CUMMINGS,

                    Defendant.

**12 CR 31 (VM)**

<u>**DECISION AND ORDER**</u>

**VICTOR MARRERO, United States District Judge.**

Defendant Armani Cummings ("Cummings"), moving *pro se*, seeks – for a second time – a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Section 3582"). (<u>See</u> "Motion" or "Mot.," Dkt. No. 1898.) The Government opposes the motion. (<u>See</u> "Opposition" or "Opp'n," Dkt. No. 1908.) For the reasons detailed below, the motion is **DENIED**. Cummings is not eligible for a sentence reduction because, under the applicable statutory standard, he has failed to establish an extraordinary and compelling reason warranting relief.

## I.   <u>BACKGROUND</u>

In June 2015, following a jury trial in December 2014, Cummings was sentenced to 75 years' imprisonment for conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and two counts of murder in connection with a drug trafficking crime, in violation of 21 U.S.C. § 848(e)(1)(A), among other offenses of which he was convicted. (<u>See</u> Dkt. No.

1189.) In June 2017, the Second Circuit vacated the convictions and remanded the case on account of hearsay testimony the Court admitted into evidence at the underlying trial of the action. (See Dkt. No. 1472.) Upon remand, in April 2018, Cummings pleaded guilty to, among other counts, participating in a crack cocaine conspiracy. (See Minute Entry dated 4/2/2018; Dkt. Nos. 1630, 1647.) As part of the plea agreement, Cummings admitted to – but did not plead guilty to – murdering two victims. (See id.) On July 13, 2018, this Court sentenced Cummings to 336 months' imprisonment. (See Minute Entry dated 7/13/2018; Dkt. No. 1657.) Cummings is currently incarcerated at FCI Forrest City Low, with a projected release date of November 16, 2033. (See https://www.bop.gov/inmateloc/; Mot. at Ex. B.)

In January 2021, Cummings moved for compassionate release pursuant to Section 3582 based on the danger COVID-19 posed to incarcerated individuals in general, in addition to the individualized danger Cummings purportedly faced because of his medical history. (See Dkt. No. 1783.) The Court denied that motion in February 2021, finding that Cummings had failed to set forth "extraordinary and compelling" reasons warranting relief and determining that a sentence reduction would not be consistent with the sentencing considerations pursuant to 18 U.S.C. § 3553(a) ("Section

2

3553(a)"). (See Dkt. No. 1786.) Cummings filed the instant motion on January 21, 2025, requesting that the Court reduce his sentence to a term between 240 and 288 months. (See Mot. at 1, 30.) He filed a supplemental brief on June 25, 2025. (See Dkt. No. 1902.) The Government submitted an Opposition on November 6, 2025. (See Opposition.)

## II.  DISCUSSION

Section 3582 provides that a court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). United States Sentencing Guidelines (the "Sentencing Guidelines") Policy Statement ("Policy Statement") § 1B1.13(b) ("Section 1B1.13(b)") governs whether there are "extraordinary and compelling" reasons warranting relief under Section 3582. See United States v. Feliz, No. 16-CR-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023); 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(b).

Even where extraordinary and compelling reasons exist, a district court must also find that the sentencing considerations set forth in Section 3553(a) weigh in favor of a sentence reduction, see United States v. Daugerdas, 613 F. Supp. 3d 807, 809 (S.D.N.Y. 2020), and the defendant must

3

have "fully exhausted all administrative rights to appeal" as set forth in the statute. 18 U.S.C. § 3582(c)(1)(A).

In support of his motion, Cummings argues that three reasons – taken together – constitute extraordinary and compelling circumstances warranting relief in this action: "his youth and immaturity" at the time he committed the offenses, an intervening change in Section 5H1.1 of the Sentencing Guidelines ("Section 5H1.1"), and his "good conduct and rehabilitation during 14 years in prison." (Mot. at 12.)

First, Cummings asserts that "at the time of his federal offense," he "was an immature 18 year old adolescent youth with a troubled upbringing who was living in a dysfunctional criminogenic environment." (Id. at 1-3.) Cummings points the Court to Section 1B1.13(b)(5) of the Sentencing Guidelines, in addition to Section 5H1.1, "as revised effective November 1, 2024."[1] (Mot. at 1.) Pursuant to Section 1B1.13(b)(5), a court may find an extraordinary and compelling reason where the defendant "presents any other circumstance or combination of circumstances that, when considered by themselves or

_____

[1] Cummings also cites Policy Statement 1B1.13(a)(2), which provides that the Court may reduce a term of imprisonment if it determines that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2). That provision, however, must be read in conjunction with Policy Statement 1B1.13(a)(1)(A), which provides that the Court must also find "extraordinary and compelling reasons" warranting relief. U.S.S.G. § 1B1.13(a)(1)(A).

together with any of the reasons described in Sections 1B1.13(b)(1)-(4)" — whether the defendant is suffering from terminal or certain kinds of serious illnesses, is at least 65 years old and is experiencing a serious deterioration of health, is experiencing particularized family circumstances, or has been a victim of abuse in custody — are "similar in gravity" to the reasons described in Sections 1B1.13(b)(1)-(4). U.S.S.G. § 1B1.13(b)(5).

The revisions to Section 5H1.1 Cummings references took effect pursuant to Amendment 829, which provided that "a downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses" and set forth "certain risk factors" that may contribute to involvement in the criminal justice system, "including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships." U.S.S.G. § 5H1.1.

However, Amendment 829, which took effect on November 1, 2024, does not apply retroactively. See, e.g., United States v. John, No. 21-CR-134, 2024 WL 5155627, at *1, *3 (S.D.N.Y. Dec. 18, 2024); United States v. Haylock, No. 19-CR-846, 2024 WL 4691023, at *7 (S.D.N.Y. Nov. 6, 2024). Amendment 829 therefore does not apply to defendants – including Cummings - who were sentenced before the Amendment went into effect.

Pursuant to Section 1B1.13(c), any amendment to the Sentencing Guidelines that has not been made retroactive "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists." U.S.S.G. § 1B1.13(c). Furthermore, on November 1, 2025, Section 5H1.1 – the age-related policy statement modified by Amendment 829 - was deleted by subsequent Amendment 836. See id. § 5H1.1.

Nevertheless, even if the Court applied the Sentencing Guidelines in effect at the time Cummings filed the instant motion, he would still not qualify for a sentence reduction. Section 1B1.13(c) provides that "if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the *extent* of any such reduction." U.S.S.G. § 1B1.13(c) (emphasis added). Thus, a court may take an excluded amendment into account – but only if it finds an underlying extraordinary and compelling reason. In fact, Section 1B1.10 (b)(1) provides that "the court shall substitute only the [retroactive amendments] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall *leave all other guideline application decisions unaffected*." U.S.S.G. § 1B1.10(b)(1)

(emphasis added); see United States v. Price, No. 05-CR-492, 2025 WL 2085357, at *4 (E.D.N.Y. July 24, 2025) (declining to consider Amendment 829 in adjudicating defendant's motion because "Amendment 829 is not retroactive" and finding that the court "may not consider it for purposes of determining whether an extraordinary and compelling reason exists").

Cummings points the Court to this District's decision in United States v. Ramsay, 538 F. Supp. 3d 407 (S.D.N.Y. 2021), which reduced the defendant's sentence based on the defendant's age at the time of the offense. The Court, however, is not persuaded by the arguments Cummings puts forward pursuant to the Ramsay decision. The defendant in Ramsay faced a mandatory life sentence – thereby rendering Ramsay's age at the time of sentencing a circumstance that the court could not consider. Id. at 426-27. Here, the Court could have imposed a lower sentence based on Cummings's age at the time the offense was committed. Even if Cummings is correct that circumstances taken into consideration at sentencing can be considered by the Court pursuant to a Section 3582 motion, the Court is not persuaded that an extraordinary reason exists to disturb the sentencing decision in this case. Cummings, who admitted to committing two murders, was sentenced to 336 months' imprisonment. In Ramsay, where the defendant committed one murder, the court

modified the sentence by reducing the term of imprisonment from life to 360 months – a term longer than Cummings's current sentence.

Cummings cites Policy Statement 1B1.13(d), which states that a court may consider "rehabilitation of the defendant while serving the sentence . . . in combination with other circumstances." U.S.S.G. § 1B1.13(d). However, this provision also stipulates that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d); see United States v. Laval Farmer, No. 04-CR-209, 2025 WL 3033762, at *7 (E.D.N.Y. Oct. 30, 2025) ("The Court begins by reiterating that, notwithstanding its broad discretion in considering all possible reasons for compassionate release, rehabilitation alone shall not be considered an extraordinary and compelling reason." (internal quotation marks and citation omitted)). Because the Court does not find Cummings's other arguments sufficient to constitute an extraordinary and compelling reason for a sentence reduction, it declines to grant relief on the basis of rehabilitation. See United States v. Latney, No. 18-CR-606, 2025 WL 1126474, at *8 (E.D.N.Y. Apr. 16, 2025) ("Defendant's commendable rehabilitation is not enough."). Therefore, even conducting "a holistic review" – as Cummings urges the Court to do - and

assessing the reasons he puts forward in the aggregate, the Court is not persuaded that the circumstances evidence an extraordinary and compelling reason sufficient to warrant relief.

Finally, as stated, if the defendant can show an extraordinary and compelling reason, a district court must also find that Section 3553(a) weighs in favor of a sentence reduction. See Daugerdas, 613 F. Supp. 3d at 809. Cummings urges the Court to weigh evidence of rehabilitation as a relevant consideration under Section 3553(a). However, because the Court finds that Cummings has not set forth extraordinary and compelling reasons warranting early release under Section 1B1.13(b), the Court need not decide whether the considerations in Section 3553(a) weigh in favor of a sentence reduction. See United States v. Carrasco, No. 01-CR-21, 2015 WL 4111449, at *1 (S.D.N.Y. June 23, 2015).

Accordingly, Cummings's motion pursuant to Section 3582(c)(1)(A) is **DENIED**.

### III. <u>ORDER</u>

For the foregoing reasons, it is hereby

**ORDERED** that the motion (Dkt. No. 1898) of defendant Armani Cummings ("Cummings") for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is hereby **DENIED**

because Cummings has not established an extraordinary and compelling reason warranting relief.

The Clerk of Court is respectfully directed to mail a copy of this Decision and Order to Armani Cummings, Register No. 91815-054, FCI Forrest City Low, Federal Correctional Institution, 1400 Dale Bumpers Road, Forrest City, AR 72335 and to note service on the docket.

**SO ORDERED.**

Dated:    20 November 2025
          New York, New York

                                    Victor Marrero
                                    U.S.D.J.