**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/6/2026
```

UNITED STATES OF AMERICA,

- against -

ARMANI CUMMINGS,

                Defendant.

**12 CR 31 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

On November 11, 2025, this Court issued a decision and order (see "D&O," Dkt. No. 1909) denying defendant Armani Cummings's ("Cummings") second motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Section 3582"). (See "Motion for Sentence Reduction," Dkt. No. 1898.) On December 23, 2025, Cummings filed a motion for reconsideration. (See "Mot." or "Motion for Reconsideration," Dkt. No. 1910.) For the reasons detailed below, the motion is **DENIED**.

Cummings argues that "the Court did not consider whether the combination of youth, extraordinary rehabilitation, and gross sentencing disparity constitutes extraordinary and compelling reasons" warranting relief. (Mot. at 1.) Cummings contends that the Court "fail[ed] to assess the combined impact of these considerations" and should grant reconsideration based on other courts' recognition that the "combined effect of multiple factors" may sufficiently

1

constitute an extraordinary and compelling reason pursuant to Section 3582. (Id. at 1-2.)

Cummings is incorrect, however, that the Court failed to cumulatively analyze the relevant considerations. While the Court explained that rehabilitation alone cannot constitute an extraordinary and compelling reason for a sentence reduction, it also noted that, in support of his motion, Cummings argued "that three reasons – taken together – constitute extraordinary and compelling circumstances warranting relief in this action: 'his youth and immaturity' at the time he committed the offenses, an intervening change in Section 5H1.1 of the Sentencing Guidelines ('Section 5H1.1'), and his 'good conduct and rehabilitation during 14 years in prison.'" (D&O at 4.) The Court also explained – after reasoning that rehabilitation alone was not sufficient to grant relief – that "even conducting 'a holistic review' . . . and assessing the reasons [Cummings] puts forward in the aggregate, the Court is not persuaded that the circumstances evidence an extraordinary and compelling reason sufficient to warrant relief." (Id. at 8-9.)

Thus, the Court has already considered the "synergistic effect" of the relevant arguments Cummings advanced in his second motion for a sentence reduction. Again, the Court is not persuaded that, taken together, rehabilitation, age, or

2

any sentencing disparity warrant relief, and for avoidance of doubt, the Court is similarly not convinced that Cummings's cited case law – including United States v. McCoy, 981 F.3d 271 (4th Cir. 2020) – changes the Court's decision. Accordingly, it is hereby

**ORDERED** that the motion (Dkt. No. 1910) of defendant Armani Cummings ("Cummings") for reconsideration is hereby **DENIED** because Cummings has not established an extraordinary and compelling reason warranting relief. The Clerk of Court is respectfully directed to mail a copy of this Decision and Order to Armani Cummings, Register No. 91815-054, FCI Forrest City Low, Federal Correctional Institution, 1400 Dale Bumpers Road, Forrest City, AR 72335 and to note service on the docket.

**SO ORDERED.**

Dated:   6 January 2026
         New York, New York

_____
Victor Marrero
U.S.D.J.